In the Matter of GABRIEL H. LUFF, on Behalf of Himself and All Other Members and Stockholders of QEAMA SERVICES Co-OPERATIVE, INC., Petitioner. QEAMA SERVICES CO-OPERATIVE, INC., et al., Respondents.

Supreme Court, Special Term, Queens County, September 4, 1951.

*Milton H. Friedman* for petitioner.
*Gerard I. Nierenberg* for respondents.

HALLINAN, J. Qeama Services Co-operative, Inc., a domestic corporation organized under the Co-operative Corporations Law of the State of New York, called a special meeting of its stockholders to be held on July 30, 1951. At that meeting a resolution was adopted for the voluntary dissolution of the corporation pursuant to section 17 of the Co-operative Corporations Law. At about midnight of the same day an " auction " was held of the corporate merchandise inventory, which was terminated at about 2:30 in the morning. This auction was later nullified and a new notice of meeting given to the stockholders of the corporation to be held on August 13, 1951, to take action on the resolutions authorizing the liquidation of the corporation which were adopted at the special meeting on July 30, 1951.

On August 13, 1951, the petitioner, as a stockholder of the corporation, initiated, by an order to show cause containing a stay, this special proceeding pursuant to section 18 of the Co-operative Corporations Law, in which relief, pursuant to said section, is sought on the ground that the proposed plan of dissolution is illegal.

So far as is pertinent here, the resolution reads as follows: " RESOLVED: That Qeama Services Co-operative liquidate its merchandise in the following manner: Scrip shall be issued to the members in a sum equal to the amount of stock held and that a private auction be held where such scrip may be used as half payment for all merchandise bought. Only members or their representatives holding scrip may participate. Merchandise so purchased at the auction must be half paid for in cash before delivery to the buyer and no goods shall be delivered to any member who is under an outstanding obligation to the corporation. After all debts and obligations of the corporation have been paid out, the scrip remaining in the hands of the members will be redeemed by the corporation in cash on a basis as though each had owned $1,000 worth of stock. In that manner the capital stock of the corporation will be retired, and be it further ".

It is claimed that the first part of the foregoing plan permits each stockholder to redeem his stock at the expense of a non-bidding stockholder and at the expense of the creditors of the corporation, and that this is illegal under both section 17 of the Co-operative Corporations Law and section 664 of the Penal Law. The court agrees with this view, particularly so far as the creditors are concerned. The assets of the corporation,

according to the financial report as of August 21, 1951, amounted to $34,015.13, in which was included a merchandise inventory of $24,927.13. The liabilities were $17,173.52. However, the respondents admit in their opposing papers that the market for television sets and appliances in which the corporation deals exclusively collapsed and with the collapse *" the inventory on hand was worth a small portion of its original price."* (Italics supplied.) That being the case it is clear beyond cavil that the corporation may already have a capital deficit, and if a private auction is held confined only to the stockholders of the corporation it can be readily seen that the creditors may receive no protection. In addition, the members of the corporation are given, by the plan of dissolution, the opportunity of receiving 100 cents on the dollar for at least half of their stock, since the scrip that they are to receive for their stock *" may be used as half payment for all merchandise bought."* (Italics supplied.)

In light of the foregoing, it is unnecessary to consider the attack on the second portion of the plan, the language of which is ambiguous and difficult to construe. The court is of the opinion that the only way that the creditors may be protected would be to hold an immediate public auction sale with sufficient advertising and publicity to create active bidding, after which all debts and claims of creditors should be paid. Then only should the capital stock held by the members be retired on some equitable basis. The court does not deem it appropriate to grant at this time the additional relief sought herein and it will be denied without prejudice to renew when and if necessary in view of the disposition here made.

Proceed on notice.